# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: D.B.**

**No. 13-0654** (Roane County 11-JA-17)

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Betty Clark Gregory, from the Circuit Court of Roane County, which terminated her custodial rights and visitation rights to the subject child by order entered on May 29, 2013. The guardian ad litem for the child, Anita Harold Ashley, filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Michael L. Jackson, also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred in finding that she had not substantially complied with her improvement period and in terminating her custodial rights to D.B. without awarding visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2011, the DHHR filed the abuse and neglect petition in the instant case. The petition alleged that petitioner supported her drug addiction by using food stamps, child support, and other public assistance that her children, B.F. and D.B., received each month.[1] At the filing of the petition, B.F. was eleven years old and D.B. was thirteen years old. While her children primarily lived with petitioner's mother, petitioner came by to see them about once a month to collect these benefits, leaving petitioner's mother to support the children on her own. Throughout the course of this case, the circuit court granted petitioner an improvement period with orders to comply with random drug screens, complete in-patient substance abuse treatment, attend parenting classes, participate in counseling, secure housing, and complete a psychological evaluation. Although petitioner participated in some of the services, she failed to fully comply with the ordered terms and conditions of her improvement period. For instance, petitioner's Child Protective Services ("CPS") worker testified that petitioner failed to complete all of her ordered drug screens and once she completed her drug treatment program, she did not stay in aftercare services or adhere to her recovery plan. Petitioner's CPS worker also testified that, on another occasion, a straw that appeared to be used for snorting medication was found on petitioner. In May of 2013, the circuit court entered its order that retained petitioner's parental

---

[1] B.F. and D.B. are half-siblings. Petitioner only challenges her termination of custodial rights and visitation rights to D.B.

rights, but terminated her custodial rights, to D.B. and B.F. The order reflected petitioner's wishes for B.F. to be allowed placement under a legal guardianship with her foster parents. The order further terminated any further visits between petitioner and both of her children. From this order, petitioner now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner's appeal concerns child D.B. only. First, petitioner argues that the circuit court erred in (1) finding that she had not substantially completed the requirements of her improvement period and (2) finding there was no reasonable likelihood that conditions of abuse and neglect could be corrected. She asserts that she attended drug treatment and complied with services offered by the DHHR. Upon our review of the record, we find no error or abuse of discretion by the circuit court. West Virginia Code § 49-6-5(b)(3) provides that a parent's failure to follow through with a reasonable family case plan constitutes circumstances in which there is no reasonable likelihood that conditions of neglect or abuse can be substantially corrected. The record reflects that petitioner failed to take full advantage of the services offered to her. At a hearing in March of 2013, for instance, petitioner's CPS worker testified that petitioner had inconsistent drug screens, never secured her own housing, and that petitioner's mother reported that petitioner was crushing and snorting pills after her release from an in-patient drug treatment program. The circuit court's dispositional order entered in May of 2013 reflects that petitioner made no further changes since the March of 2013 hearing.

Petitioner also argues that the circuit court erred in terminating her custodial and visitation rights to D.B., contrary to D.B.'s wishes. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). Our review of the record reflects that petitioner resumed her use of drugs after attending treatment. Petitioner testified at the March of 2013 hearing and expressed that she was no longer abusing drugs. However, that CPS worker testified that after petitioner's treatment, petitioner's mother

2

reported that petitioner was crushing and snorting pills, that B.F. expressed concerns that petitioner was using drugs again, and that petitioner was not participating in post-treatment program services. Petitioner claimed that her inconsistent drug screens were due to her various medications, yet she never provided a list of her prescribed medications in support of this assertion. She further denied any use of drugs or responsibility for any drug paraphernalia. The record and the circuit court's findings support its conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate custodial rights upon such findings.

This Court reminds the circuit court of its duty to establish permanency for the child D.B. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,*185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  November 26, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4